IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **ERIC SLAUGHTER,** ) <br> as Administrator and Personal ) <br> Representative of the Estate of ) <br> Dorothy J. Slaughter, deceased, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> vs. ) <br>  ) <br> **CORNERSTONE MEDICAL,** ) <br> **INC.; MICHAEL PERKINS,** ) <br> individually, and as Principal ) <br> Executive of Cornerstone Medical, ) <br> Inc..; and **SUNRISE MEDICAL,** ) <br> **INC.,** ) <br>  ) <br> Defendants. ) | Civil Action Number <br> **5:06-cv-2056-UWC** |

**MEMODRANDUM OPINION ON THE COURT'S JURISDICTION**

Plaintiff, Eric Slaughter (as personal representative for the estate of Dorothy J. Slaughter) filed this lawsuit in Alabama state court alleging that the decedent's death was caused by a faulty oxygen machine that caught fire. In his complaint, Slaughter asserts product liability, breach of warranty, and wrongful death claims, as well as a claim under the Alabama Extended Manufacturer's Liability Doctrine, against defendants Sunrise Medical Incorporated, Cornerstone Medical Incorporated, and Michael Perkins (individually and as Principal Executive of Cornerstone Medical). According to Plaintiff,

the defendants were responsible for the design, manufacture, distribution and/or maintenance of the purportedly defective oxygen machine.

Although Plaintiff and defendant Perkins are both citizens of Alabama, Defendants Cornerstone and Perkins removed this action, claiming the present Court has diversity jurisdiction because Perkins is improperly joined as a defendant.  Perkins contends that Alabama state courts have "held that the directors and officers of a corporation cannot be held liable" for the types of claims alleged in the present complaint.  Accordingly, as a Cornerstone executive, Perkins seeks dismissal from this action.  (Doc. 3.)

In support of his motion to dismiss, Perkins relies on two cases: *Yarbrough v. Ledford*, 771 So. 2d 1051, 1053 (Ala. Civ. App. 2000) and *Rice v. Merritt*, 549 So. 2d 508 (Ala. Civ. App. 1989).  However, neither of these cases support a dismissal of Perkins under the present circumstances.  Relying on the deposition of the corporate representative in *Yarbrough*, the Court found that the corporate representative could not be held liable for corporate acts because there was "no evidence [defendant] acted in a negligent manner or misused his official capacity in the operation of the [corporate] entity."  771 So. 2d at 1054.  In *Rice,* the Court dismissed the corporate representative after reviewing the record and noting that "determination is on a case-by-case basis when deciding personal liability for those in control of corporate activity."  540 So. 2d at 510.

Inasmuch as the extent of Perkins' involvement in the challenged conduct cannot be determined at this early juncture, this Court cannot ascertain whether the claims

against him are due to be dismissed. As such, the motion to dismiss will be denied. *See Conley v. Gibson*, 355 U.S. 41, 45- 46 (1957) (noting that a "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief"); *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002) (noting that, on a motion to dismiss, the allegations in the "complaint must be taken as true and construed in the light most favorable to the plaintiff.")

Inasmuch as there are no federal claims asserted in the complaint and the presence of Perkins as a defendant destroys diversity jurisdiction, by separate order, this Court will remand this action.

Done this 8th day of November, 2006.

_____
U.W. Clemon
Chief United States District Judge